## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ,                      )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )          Case No. 18-cv-2217-DWD
                                         )
KEVIN GRAVES,                            )
DUSTIN CHITTY,                           )
JOSHUA CORNSTUBBLE,                      )
RANDALL DRAVES,                          )
COLEMAN DUNBAR,                          )
GARRETT GRIFFIN                          )
TYLER GRAU,                              )
ROBERT HIGGERSON                         )
SAMUEL HINDRICHS,                        )
JOHN HOOD,                               )
BILLY JOHNSON,                           )
JOSHUA MEADE,                            )
ANDREW BENNETT,                          )
JARED PHILLIPS,                          )
JOHN POWELL,                             )
MICHAEL RODGERS,                         )
ANDREW SPILLER,                          )
BRANDON SMITH                            )
COLTAN FRANCIS,                          )
DEGEN SANDERS,                           )
ZACHARY HARVEY,                          )
XAVIER BARKLEY,                          )
RAYMOND ALLEN                            )
JOHN CARTER,                             )
FRANK EOVALDI                            )
JERROD HASEMEYER,                        )
ROBERT HUGHES                            )
BILL WESTFALL,                           )
CHRISTOPHER BLEDSOE,                     )
BRADLEY SADLER,                          )
PATRICK TROKEY,                          )
DARREN WHITLEY,                          )
JERRY WITTHOFT,                          )
MAYNARD HUDSON,                          )
DONALD LINDENBERG                        )

| | |
|---|---|
| **WILLIAM REESE** | ) |
| **MICHAEL ATCHISON,** | ) |
| **KENT BROOKMAN** | ) |
| **YVETTE BAKER,** | ) |
| **WESTLEY SPILLER** | ) |
| **JEFFREY GARDINER,** | ) |
| **SARAH WOOLEY,** | ) |
| **ANTHONY WILLIAMS** | ) |
| **B. TRIPP,** | ) |
| **MONICA NIPPE, and** | ) |
| **JOHN AND JANE DOES,**[1] | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff David Robert Bentz, an inmate in the custody of the Illinois Department of Corrections, filed suit on December 27, 2018, alleging that Defendants retaliated against him for exercising his First Amendment rights while incarcerated at Menard Correctional Center. The Court screened Plaintiff's complaint pursuant to 28 U.S.C. 1915A (Doc. 10), dismissing some claims and allowing others to proceed, and prepared requests for waivers of service for the remaining defendants. On August 14, 2020, Plaintiff objected to and moved to vacate a July 21, 2020 order dismissing several Defendants who could not be served.

After the initial screening order was entered, the Court attempted to notify all defendants of this action by sending requests for waivers of service. (Doc. 11). On September 30, 2019, the waivers were returned unexecuted as to Defendants Reese,

---

[1] The Clerk of Court is DIRECTED to CORRECT Defendants' names on the docket sheet to reflect their correct and full spellings.

Atchison, Bledsoe, Allen, Frances, Smith, Nippe, Hughs, Mayers, Shemedly, Roger, Riley, Strickland, Kempper, Comitce, and Haysmyer. (Docs. 12, 13, 14). The Court was able to find alternative addresses for some of the defendants but directed Plaintiff to provide additional information to assist in the identification of Defendants Mayers, Shemedly, Roger, Riley, Strickland, Kempper, and Comitce. (Doc. 17).

On October 23, 2019, Plaintiff requested additional time to identify these defendants. (Doc. 26). The Court granted his request and sent him a copy of his complaint to assist him in doing so. (Doc. 27). On November 19, 2019, Plaintiff again moved for additional time to identify the parties. (Doc. 34). The Court granted his motion on June 16, 2020, and warned him that the failure to provide additional information about the unserved defendants would result in their dismissal from this lawsuit. (Doc. 47). Plaintiff filed two additional motions related to the identification of the defendants (Doc. 49, 51). While the motions referred to the allegations in the complaint for identifications, one of the motions explained that the Court had misspelled Defendant Kempper's name and that it should be corrected to Kempfer. On July 21, 2020, the Court denied Plaintiff's motions and dismissed without prejudice his claims against Defendant Mayers, Shemedly, Roger, Riley, Strickland, Kempper, and Comitce. (Doc. 52).

Plaintiff objects to and moves to vacate the order dismissing these defendants. (Doc. 53). He again points to the misspelling of Defendant Kempfer's name by the Court. As to the other dismissed defendants, Plaintiff argues that he pointed to paragraphs in the complaint that provided descriptive information about each unserved party. In the order dismissing Defendants, the Court found that attempting to provide descriptions of

Defendants by referring to the allegations in complaint was not sufficient. (Doc. 52). The Court previously had directed Plaintiff to "provide additional information (i.e. physical description, date and time of alleged interaction giving rise to this lawsuit, etc.)" because the descriptions in the complaint were insufficient for the Court to effect service. (Doc. 17). Plaintiff failed to do so in a timely manner, but he asks the Court to set aside its order dismissing the defendants, suggesting that he provided sufficient information for service in his complaint.

Rule 54(b) allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. FED. R. CIV. PROC. 54(b). *See also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)(noting that any "order short of a final decree is subject to reopening at the discretion of the district judge."). Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)(internal quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)(internal quotations and citation omitted).

Rule 41(b) leaves involuntary dismissals within the discretion of the Court where a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018). Plaintiff first was directed to provide additional information to the Court in October 2019 when Defendants first could not be identified for service. He was given three extensions of time to provide the additional information to the Court, and he was warned that the failure to comply with the Court's order could result in dismissal of the unserved defendants, which then occurred more than nine months later in July 2020. With the exception of Defendant Kempper, who Plaintiff noted should have been Defendant Kempfer in his July 20, 2020 motion (Doc. 51), Plaintiff provided no new information beyond what was already given in his complaint.

Upon review, the Court will reinstate Kempfer as a party and attempt service again as the issue may have been related to the misspelling of Defendant's name. As to the remaining unserved defendants, the failure to provide information as ordered represents a failure to comply with a court order and also failure to prosecute as to the unserved defendants. As such, dismissal pursuant to Rule 41(b) was appropriate, and Plaintiff's objections as to the dismissal of these defendants is overruled.

## CONCLUSION

For the above-stated reasons, Plaintiff's objection to and motion to vacate order (Doc. 53) is **GRANTED in part** and **DENIED in part**. The Clerk of Court shall reinstate and attempt to serve Defendant Kempper and shall correct the docket sheet to reflect the

correct spelling of Defendant Kempper's name as Kempfer. Plaintiff's objection and motion is **DENIED** in all other respects.

      **SO ORDERED.**

      Dated: January 13, 2021

 

_____

DAVID W. DUGAN
United States District Judge